UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE D. KENNARD,

       Plaintiff,                            Case No. 11-15079
                                                            Honorable Thomas L. Ludington

v.

MEANS INDUSTRIES, INC.,

       Defendant.
_____/

**ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION**

Plaintiff Kyle Kennard initiated this matter with a complaint asserting claims under Michigan Worker's Compensation and the Employee Retirement Income Security Act (ERISA). During the course of discovery, Defendant Means Industries, Inc. moved to restrict Plaintiff to the administrative record with respect to his claim for ERISA benefits. Defendant's request was granted by this Court, and Plaintiff now moves for reconsideration. As before, Plaintiff has not indicated information outside the administrative record warrants consideration, and his motion for reconsideration will be denied.

**I**

Plaintiff suffered a severe injury to his lungs in the course of his employment with Defendant in 1990. Plaintiff was then given a life-long restriction to work in a clean-air environment. Defendant provided a clean air environment in March 1992, and Plaintiff returned to work. Plaintiff claims that from 1992 to 2000, Defendant's other employees received several increases in pay and cost of living adjustments; but that he was never included in the pay increases. In 1999, Plaintiff filed a Michigan Worker's Compensation Act claim to enforce his rights.

In March of 2000, an agreement was reached to resolve Plaintiff's claims. He was paid $24,000 and given certain guarantees, including restrictions and accommodations regarding his 1990 injuries. However, in 2005, Defendant hired a new HR manager, Bruce Gluski. Mr. Gluski required Plaintiff to punch in and out on a time clock located in Defendant's plant, which was not located in a clean air environment. Due to the increased exposure, Plaintiff claims he became increasingly ill and was forced to miss work. Eventually Plaintiff was laid-off during a Reduction in Force. Plaintiff alleges that Defendant then refused to pay worker's disability compensation benefits. In 2007, he filed another worker's compensation petition. This time, Defendant paid Plaintiff $220,000 to settle his claims.

Plaintiff then sought Social Security Disability benefits on May 29, 2007, alleging he was disabled as of February 14, 2006. After a hearing before the Honorable Joanne E. Adamczyk, Plaintiff was found to be totally disabled in a decision dated October 6, 2009. Based on this Social Security Disability finding, Plaintiff applied for long-term disability benefits under Defendant's ERISA plan. In response, Defendant sent a letter advising Plaintiff that he first had to complete two Independent Medical Evaluations with a Dr. Holda and a Dr. Levinson.

After the evaluations were completed, on February 26, 2010, Plaintiff was denied long-term disability benefits. The denial was based on Dr. Levinson's conclusion that Plaintiff was not permanently disabled within the meaning of the ERISA Plan. Dr. Levinson noted that Plaintiff was employable so long as he was located in a clean-air environment. Plaintiff then filed this lawsuit.

On June 13, 2012, Defendant moved for a Protective Order to Strike Plaintiff's Discovery involving his ERISA claim, and to limit Plaintiff to the record reviewed by the administrator who denied his claim. ECF No. 7. Defendant relied on *Wilkins v. Baptist Healthcare System*, 150

F.3d 609 (6th Cir. 1998), for the proposition that discovery concerning a plaintiff's ERISA claim should be limited to the administrative record on which a denial was based.

Plaintiff responded two weeks later, claiming an exception to this rule applied in this case. Plaintiff claims he has offered evidence to support a procedural challenge to the administrator's decision. Specifically, Plaintiff claims Mr. Gluski was biased against him, influenced the decision to deny his benefits, and that discovery concerning his ERISA claim is warranted.

On August 3, 2012, this Court granted in part and denied in part Defendant's motion for a protective order. The Court's Order noted that "Plaintiff's general allegations of procedural defects, without any factual support, are insufficient to establish the necessary predicate showing of an alleged procedural violation by Defendant in order to provide discovery on his ERISA claim." Plaintiff was then restricted to the administrative record, as established by *Wilkins*.

Plaintiff subsequently requested reconsideration of that order, asserting a palpable defect. Specifically, Plaintiff notes the Court relied on unpublished opinions, that he has made a predicate showing of bias on the part of Mr. Gluski, and also "a clear showing of a conflict of interest and bias that has spanned almost twenty years[.]" Pl.'s Req. 4.

## II

The Federal Rules of Appellate Procedure provide that "A court may not prohibit or restrict the citation of federal judicial opinions . . . that have been designated as unpublished[.]" Fed. R. App. P. 31.1(a)(i). The Sixth Circuit Rules establish the same. *See* 6th Cir. I.O.P 32.1. While unpublished opinions in the Sixth Circuit are not binding, "their reasoning may be instructive or helpful." *Crump v. Lafler*, 2011 U.S. App. LEXIS 19253 (6th Cir. Sept. 20, 2011).

With regard to Plaintiff's ERISA claim, "a district court should not adjudicate an ERISA action as if it were conducting a standard bench trial under Rule 52. Such a proceeding would inevitably lead to the introduction of testimonial and/or other evidence that the administrator had no opportunity to consider." *Wilkins*, 150 F.3d at 618. "The only exception to the above principle of not receiving new evidence at the district court level arises when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id*.

### III

Plaintiff asserts two reasons to reconsider this Courts August 3 Order: (1) that the Court relied on unpublished opinions; and (2) that Plaintiff has made a predicate showing of a procedural violation during the denial of his ERISA claim. Both arguments lack merit, and neither calls for the August 3 Order to be overturned.

As noted above, unpublished opinions are not binding, but they are often instructive. In this case, the three unpublished opinions this Court cited all addressed the holding in *Wilkins*. *Huffaker v. Metro. Life Ins.*, 271 F. App'x 493, 504 (6th Cir. 2008), which established that "[a] claimant cannot obtain discovery beyond the administrative record-even if limited to a procedural challenge-merely by alleging a procedural violation." *Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 486 (6th Cir. 2007), notes, "The Administrative Record is precisely the *only* evidence the District Court may consider." (emphasis in original). Further, *Putney v. Med. Mut. of Ohio*, 111 F. App'x 803, 807 (6th Cir. 2004), maintained that a "mere allegation of bias is not sufficient to permit discovery under *Wilkins'* exception." None of these statements is contrary to the published opinion in *Wilkins*. None of these cases is contrary to any binding, published

opinion advanced by Plaintiff. His argument that the Court Order should be overturned because it relied on these cases is unpersuasive.

Plaintiff has done no more than merely allege bias interfered with the procedural process that led to the denial of his ERISA benefits. In his complaint, Plaintiff claims Mr. Gluski's bias was the cause of his denial. However, as Defendant points out, Mr. Gluski was not responsible for the decision to deny Plaintiff's request for disability benefits. Def.'s Reply Ex. B, at 350-51, ECF No. 10. Mr. Gluski was not even employed by Defendant when the decision was made. *Id*. Plaintiff's suggestion that "the personal animus of Bruce Gluski . . . interfere[d] with long term disability benefits protected by ERISA" is untenable.

Additionally, there is no merit to Plaintiff's claim that "an adversarial relationship that spanned almost two decades" between himself and Defendant somehow interfered with the procedural process regarding his ERISA claim. When Plaintiff was injured in 1990, and required a clean-air environment to work, he was provided one. When he claimed worker's compensation benefits in 1999 and 2007, he was paid. Most importantly, it was Dr. Levinson who declared Plaintiff was not completely disabled under the terms of his ERISA plan. Plaintiff has not shown any facts to indicate bias on Dr. Levinson's part that would warrant discovery outside the administrative record in this case. As such, this Court's Order denying such discovery will not be overturned.

**IV**

Accordingly, Plaintiff's Request for Reconsideration, ECF No. 13, is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 25, 2012

- 6 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 25, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS
