UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE D. KENNARD,

       Plaintiff,                                    Case No. 11-15079
                                                        Honorable Thomas L. Ludington

v.

MEANS INDUSTRIES, INC.,

       Defendant.

_____/

**OPINION AND ORDER ENTERING JUDGMENT ON PLAINTIFF'S BEHALF AND REMANDING CASE TO PLAN ADMINISTRATOR**

Kyle Kennard sought disability retirement benefits from his former employer under the Employee Retirement Income Security Act (ERISA). Although both the Plan Administrator and this Court concluded that Kennard was not entitled to ERISA benefits, the Sixth Circuit disagreed. It declared that "there is no evidence in the record to support a termination or denial of benefits," and therefore "an award of benefits is appropriate without remand to the plan administrator." *Kennard v. Means Indus., Inc.*, No. 13-1911, 2014 WL 553003, at *3 (6th Cir. Feb. 13, 2014) (brackets omitted).

Shortly after the Sixth Circuit issued its opinion, both Kennard and his former employer—Means Industries, Inc. (Means)—filed a motion seeking a specific entry of judgment. Both parties agree judgment should be entered on Kennard's behalf; they disagree, however, on how much he is entitled to. Means argues that even if Kennard is entitled to judgment (pursuant to the Sixth Circuit's holding), "[a] Judgment of $0.00 . . . is required . . . ." Def.'s Mot. 2, ECF No. 66. According to Means, "the clear and unambiguous Plan language requires an offset of the workers' compensation payments received by [Kennard] from Defendant Means and, after

making this offset, the workers' compensation offset amount exceeds the monthly disability retirement pension benefits that [Kennard] would otherwise be entitled to under the Plan." *Id.*

Kennard, on the other hand, argues that he is entitled to an "award of disability retirement benefits . . . retroactive to the date which they accrued under the Plan, September 1, 2006, at the rate of $836.50 per month (23.9 yrs of service x 35) plus interest as to be determined by the District Court;" as well as "[a]ll costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(g)(1) as determined by the District Court." Pl.'s Mot. 2, ECF No. 69.

Pursuant to the Sixth Circuit's opinion in this case, Kennard is entitled to disability retirement benefits. And although the Sixth Circuit directed this Court to "award Kennard disability retirement benefits, retroactive to the date on which they accrued under the Plan," *Kennard*, 2014 WL 553003, at *3, it did not instruct this Court to determine in the first instance what amount Kennard is entitled to.

When faced with this circumstance, courts in this District have remanded to the plan administrator to determine the appropriate amount of benefits. *See*, *e.g.*, *Brown v. Prudential Ins. Co. of Am.*, No. 09-11685, 2010 WL 2696975, at *7 (E.D. Mich. July 7, 2010) (remanding the case "to the administrator with directions to calculate and pay the benefits due since March 2007" after concluding that plaintiff was clearly entitled to benefits). Other Courts in the Sixth Circuit, including this District, have simply awarded retroactive benefits without first calculating the appropriate amount. *See*, *e.g.*, *Neaton v. Hartford Life & Acc. Ins. Co.*, 517 F. App'x 475 (6th Cir. 2013) ("A retroactive award of long-term disability benefits wrongfully withheld and reinstatement of Neaton's long-term disability payments is the appropriate remedy in this case."); *Hanusik v. Hartford Life Ins. Co.*, No. 06-11258, 2008 WL 283714, at *8 (E.D. Mich. Jan. 31, 2008) ("The Court directs Defendant to immediately reinstate Plaintiff's LTD benefits, retroactive to February 2005.").

So although the Plan Administrator will not receive another opportunity to determine whether Kennard is entitled to benefits—the Sixth Circuit has already answered that question in the affirmative—it will be given the opportunity to determine precisely what benefits are due. *See DeGrado v. Jefferson Pilot Fin. Ins. Co.*, 451 F.3d 1161, 1176 (6th Cir. 2006).

Moreover, although the Sixth Circuit directed that this Court "consider [Kennard's] request for attorney fees and costs," Kennard's application for costs and attorney's fees is not yet ripe for review. The Court's Local Rules require that Kennard file motions for costs and attorney's fees, along with supporting authority, after the entry of judgment. *See Hanusik*, 2008 WL 283714, at *7; E.D. Mich. LR 54.1 ("A party seeking costs must file a bill of costs no later than 28 days *after* the entry of judgment." (emphasis added)); E.D. Mich. LR 54.1.2 ("A motion for attorney's fees and related non-taxable expenses . . . must be filed no later than 28 days *after* entry of judgment." (emphasis added)). As judgment has yet to be entered in Kennard's favor, consideration of these issues is not yet warranted.

Accordingly, it is **ORDERED** that Judgment will be entered in Kennard's favor pursuant to the Sixth Circuit's opinion.

It is further **ORDERED** that this case is **REMANDED** to the Plan Administrator to determine the amount of benefits Kennard is entitled to, retroactive to the date on which benefits accrued under the Plan.

It is further **ORDERED** that Mean's motion for judgment, ECF No. 66, is **DENIED**.

It is further **ORDERED** that Kennard's motion for judgment, ECF No. 66, is **DENIED**.

Dated: June 26, 2014  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 26, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS