UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE KENNARD,

                Plaintiff,                 Case No. 11-cv-15079

v.                                      Honorable Thomas L. Ludington

MEANS INDUSTRIES, INC.,

                Defendant.

_____/

**ORDER DIRECTING SUPPLEMENTAL BRIEFING, ADMINISTRATIVELY REOPENING CASE, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ATTORNEY FEES**

On December 11, 2014, Plaintiff Kyle Kennard filed a Motion for Relief from the Court's Order and Judgment Entered on June 26, 2014. ECF No. 85. In the motion, Kennard requests relief under Federal Rule of Civil Procedure 60 from a judgment entered by this Court after the case was remanded from the Sixth Circuit. *Id*. Defendant Means Industries has responded claiming that the requested relief is untimely. ECF No. 86.

**I.**

Following remand from the Sixth Circuit, the parties' motion practice has been challenging to understand. This order represents, in the first instance, an attempt to sort through the procedural difficulties that have emerged and to set a path toward resolution. First, an accounting must be made of all that has taken place since the case was remanded.

**A.**

Judgment was first entered in this case on June 13, 2013. ECF No. 62. Judgment was entered following an opinion and order granting Means motion to affirm the determination of the

plan administrator that Kennard was not disabled under the Long Term Disability Plan. See ECF No. 61. Kennard timely appealed that decision to the Sixth Circuit. ECF No. 63. The Sixth Circuit issued an opinion on February 12, 2014 reversing this Court's decision because it found that Kennard was completely disabled within the meaning of the Plan and that no jobs existed which Kennard was able to perform. The Sixth Circuit remanded the case "with instructions to award Kennard disability benefits, retroactive to the date they accrued under the Plan, and to consider his request for attorney fees and costs under 29 U.S.C. § 1132(g)(1)." ECF No. 65 at 6.

Following remand from the Sixth Circuit, the parties each moved for entry of judgment. *See* ECF Nos. 66 & 69. On June 26, 2014, this Court entered judgment in favor of Kennard, consistent with the Sixth Circuit's mandate and remanded the case to the plan administrator for a calculation of the benefits owed Kennard, retroactive to the date they accrued. ECF Nos. 76 & 77. On remand, the plan administrator determined that even if Kennard was disabled, as the Sixth Circuit had determined, the worker's compensation coordination provision in the plan applied to Kennard. Thus, the plan administrator determined that the worker's compensation payments Kennard was receiving from Means were to be coordinated, resulting in a complete set-off to any disability benefits he would receive. The plan administrator thus found that Kennard was not entitled to a disability benefit in addition to the worker's compensation benefit.

**B.**

On July 24, 2014, following the determination by the plan administrator that Kennard was not entitled to receive any disability payments under the Plan, Kennard filed a motion for attorney fees, costs, and interest. ECF No. 78. Then, on July 28, 2014, Kennard filed a petition for a writ of mandamus with the Sixth Circuit. In his motion for attorney fees and his petition for a writ of mandamus Kennard argued that this Court erred in allowing the plan administrator to

calculate his benefits and address the worker's compensation coordination provision, rather than simply awarding him full benefits retroactive to when they accrued. Consideration of Kennard's motion for attorney fees was stayed when the Court learned of his petition. ECF No. 83.

### C.

On December 4, 2014, the Sixth Circuit denied Kennard's petition. The Sixth Circuit held that Means had not waived the worker's compensation coordination provision by denying benefits based on its conclusion that Kennard was not disabled. Thus, it held that this Court did not abuse its discretion in remanding to the plan administrator for the calculation of benefits. ECF No. 84 at 2-3. In particular, the Sixth Circuit noted that mandamus is an extraordinary remedy that "is not available if the petitioners have adequate alternative means to obtain the relief they seek." *Id*. at 2 (internal quotation marks omitted). "Kennard has, or had, an opportunity to seek judicial review of [the] ruling" that he "is not entitled to any payment under the plan due to a set-off of worker's compensation benefits he had previously received." *Id*.

### D.

After the Sixth Circuit's opinion on the petition for mandamus was issued, Kennard filed the motion for relief from the Court's June 26, 2014 Order and Judgment which remanded the case to the plan administrator for benefits calculation. ECF No. 85. In that motion Kennard renews his assertion that the Court erred in remanding to the plan administrator for a calculation of benefits. *Id*. Kennard asks specifically that

> . . . the Court, now in receipt of the Plan Administrator's new Opinion and the Sixth Circuit's denial of Mandamus, enter a Final Judgment, modifying its prior Order and reject the Plan Administrator's new findings that are arbitrary and capricious, a result of neglect, inadvertence, and/or fraud and that would be inequitable to enforce.

*Id*. at 10. Kennard also renews, within his motion for relief from judgment, his pending motion for attorney fees and costs. *Id*. at 11.

Defendant Means, in response to Kennard's motion, asserts that any claim under Rule 60 is meritless and possibly time-barred. ECF No. 86.

## II.

Motions brought under Federal Rule of Civil Procedure 60(b) "cannot be used to avoid the consequences of a party's decision . . . to forego an appeal from an adverse ruling." *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451-52 (6th Cir. 1985) (quoting *Steinhoff v. Harris*, 698 F.2d 270, 275 (6th Cir. 1983)). For that reason, such relief must be requested before the period to appeal a judgment runs. Id. A motion brought under Rule 60(b) outside of the appeal period is untimely. This is because "[t]he interests of finality of judgments and judicial economy outweigh the value of giving a party a second bite of the apple by allowing a 60(b) motion, after the appeal period has run, on the same legal theory that would have been asserted on appeal." *Pierce*, 770 F.2d at 452.

Nothing in Kennard's motion indicates that the relief he seeks is different from what he could have requested and possibly obtained on appeal. The judgment Kennard seeks to revisit was entered on June 26, 2014. ECF No. 77. The period for appealing that judgment expired on July 26, 2014. *See* Fed. R. App. P. 4(a) (providing 30 days for the taking of an appeal). For that reason, his motion is untimely and will not be granted.

Kennard's motion will, however, be construed as an appeal of the Plan Administrator's decision calculating the benefits owed Kennard as totaling zero dollars. This, in essence, is the relief Kennard seeks. Kennard would have the Court revisit the June 26, 2014 judgment for the purpose of expanding the judgment to include a retroactive award of monetary benefits that does not include a worker's compensation set-off. As the Sixth Circuit indicated, however, it was not a clear abuse of this Court's discretion to remand to the Plan Administrator for calculation and,

in any event, Kennard "has, or had, an opportunity to seek judicial review of [the Plan Administrator's] ruling." ECF No. 84 at 2. In an effort to advance the issue toward resolution, Kennard will be given that chance.

The parties will be directed to file an administrative record constituting the record upon which the Plan Administrator relied in arriving at Kennard's benefits calculation. The parties will then be directed to file supplemental briefs addressing the propriety of the Plan Administrator's calculation of benefits and whether that calculation constituted an abuse of discretion warranting relief from this Court. These briefs shall be no more than ten (10) pages in length.

### III.

Accordingly, it is **ORDERED** that the parties are **DIRECTED** to file an administrative record constituting the record and materials upon which the Plan Administrator relied in arriving at Plaintiff Kennard's benefits calculation **on or before January 30, 2015**.

It is further **ORDERED** that Plaintiff Kennard and Defendant Means, respectively, are **DIRECTED** to file supplemental briefs, no longer than ten (10) pages, addressing the propriety of the Plan Administrator's calculation of benefits **on or before February 16, 2015**.

It is further **ORDERED** that the Clerk of Court is **DIRECTED TO REOPEN** this case.

It is further **ORDERED** that Plaintiff Kennard's motion for attorney fees, ECF No. 78, is **DENIED without prejudice** to his ability to move for attorney fees at the resolution of this matter.

Dated: January 14, 2015                             s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

- 6 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 14, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS